UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Water Services, Inc.,

      Plaintiff,

v.                                                  Civil No. 11-3022 (JNE/AJB)
                                                  ORDER

OG-Energy, LLC, Derek Oxford, and
Michael LoCascio,

      Defendants.

      Invoking jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2006), U.S. Water Services, Inc. (U.S. Water), brought this action against OG-Energy, LLC, Derek Oxford, and Michael LoCascio for breach of contract. Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010), the Court observes that U.S. Water has not properly alleged the defendants' citizenships. The Court grants U.S. Water an opportunity to properly allege them. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (stating that the party that invokes diversity jurisdiction bears the burden of pleading the citizenship of all parties).

      In its Complaint, U.S. Water alleged that it is a Minnesota corporation whose principal place of business is in Minnesota. U.S. Water properly stated its own citizenship. *See* 28 U.S.C. § 1332(c)(1).

      Next, U.S. Water alleged, "upon information and belief," that OG-Energy is a Georgia limited liability company whose principal place of business is in Georgia and that "all of [OG-Energy's] members are Georgia citizens." For purposes of diversity jurisdiction, a limited

liability company's citizenship is not determined according to § 1332(c)(1). *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829. "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* The conclusory allegation that all of OG-Energy's members are citizens of Georgia does not satisfy U.S. Water's duty to state with specificity the citizenship of OG-Energy. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that the citizenship of a limited liability company must be traced through however many layers of members there may be to determine the limited liability company's citizenship); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (directing plaintiff, a limited liability company, to file a supplemental statement that detailed its members and their citizenships); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties.").

Finally, U.S. Water alleged that Oxford "resides" in Georgia and that LoCascio "resides" in Iowa. Residence and citizenship are not synonymous for purposes of diversity jurisdiction. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

In short, U.S. Water has not properly alleged the defendants' citizenships. Unless U.S. Water files by October 25, 2011, an Amended Complaint that properly alleges the defendants' citizenships at the time of this action's commencement, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: October 18, 2011

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge